UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MANUEL AYALA ALVAREZ,

        Plaintiff,                              CIV S-06-1197 GEB PAN (GGH) PS

       v.

DEPUTY GREGORY, Badge #2520,                 ORDER
SGT. JOHNSON, Badge #68,

        Defendants.

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        However, the determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief against an immune defendant.  The complaint must also comply with the general rules of pleading set forth in Fed. R. Civ. P. 8(a), which requires that complaints set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Additional general grounds for dismissing a proposed complaint are improper form (Fed. R. Civ. P. 10(b)); lack of subject matter jurisdiction (Rule 12(b)(1)); and failure to state a claim upon which relief may be granted (Rule 12(b)(6)).  Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

The present complaint[1] alleges defendant law enforcement officers caused plaintiff emotional distress while he was incarcerated in the Sacramento County Main Jail on May 7, 2002, by Deputy Gregory's false statement to plaintiff, endorsed by Sargent Johnson, that plaintiff had exposed himself to the call nurse.  Plaintiff asserts the statement was intended "to make me believe I was never going to leieve the jail or prison so I would comet suicide so no one would ever find out what law enforcement did to me and my children [sic]."  Plaintiff alleges causes of action for intentional infliction of emotional distress, defamation, abuse of process, "false light" and invasion of privacy, and asserts generally violations of his rights under the Eighth and Fourteenth Amendments.  Plaintiff has attached a "Points and Authorities"common to many of his other complaints, that asserts he is entitled to recover damages based on principles of strict liability in tort due to his compliance with the requirements of the Federal Tort Claims Act; however, plaintiff's attachments demonstrate only that on April 27, 2006, Sacramento County denied plaintiff's claim because untimely filed.  Plaintiff seeks $1,500,000 damages plus interest and costs.

---

[1] Plaintiff has filed several proposed complaints in this court based on his eligibility to proceed in forma pauperis; virtually all of the complaints challenge various actions of law enforcement and include many of the same defendants.  This court has fully addressed the merits of at least one of these cases, Alvarez v. Treat et al., Civ. S-05-0169 DFL PAN (JFM) PS.

1   The complaint does not establish this court's subject matter jurisdiction. Plaintiff has alleged only state law claims which may not be considered by this court unless ancillary to this court's federal question jurisdiction or based upon the parties' diversity of citizenship. See 28 U.S.C. §§ 1331, 1332, 1367. A federal court is a court of limited jurisdiction and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945). A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. See Hagans v. Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

Plaintiff has failed to meet his burden of demonstrating this court's subject matter jurisdiction, and the court is unable to discern such jurisdiction based on the current pleading. Plaintiff's passing reference to the Eighth and Fourteenth Amendments does not create a federal claim based upon these limited facts.

Accordingly, the complaint must be dismissed. The court will, however, grant leave to file an amended complaint. An amended complaint must be complete in itself without reference to any prior pleading. E. D. Cal. L. R. 15-220. The court's jurisdiction, each claim and the involvement of each defendant must be sufficiently alleged in the amended complaint. Fed. R. Civ. P. 8(a).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted;

2. Plaintiff's complaint is dismissed; and

\\\\\

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of federal law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint;

4. Failure to file an amended complaint in accordance with this order will result in a recommendation this action be dismissed .

DATED:6/28/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

NOW6:ALVAREZ.ifp.1197